## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Toni Destefano Salemi,<br><br>Plaintiff,<br><br>v.<br><br>Novo Nordisk A/S, a foreign limited liability company; Novo Nordisk, Inc., a foreign corporation; Doe Individuals I-X, inclusive; and Roe Corporations I-X, inclusive,<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Toni DeStefano Salemi named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

### Plaintiff

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP1 RA Product(s): <u>Toni Destefano Salemi</u>.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: <u>N/A</u>, as <u>N/A</u> of the estate of <u>N/A</u>, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): <u>N/A</u>.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services <u>N/A</u>.

### Defendants

5.      Plaintiff is suing the following Defendant(s) (check all that apply):

<u>X</u>      Novo Nordisk Inc.

<u>X</u>      Novo Nordisk A/S

\_\_\_\_\_ Eli Lilly and Company

\_\_\_\_\_ Lilly USA, LLC

\_\_\_\_\_ other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):  Las Vegas, Nevada

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue: Nevada

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue: Nevada

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury: Las Vegas, Nevada

10.     Jurisdiction is based on:

X        diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:  District of Nevada. Plaintiff filed a tag-along action in the Eighth Judicial District, State of Nevada, case no. A-26-946248-C, that was removed to the District of Nevada under case no. 2:26-cv-01618-CDS-MDC.

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X        a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

Defendant Novo Nordisk A/S is and at all relevant times has been a public limited liability company organized under the laws of Denmark with a principal place of business in Bagsværd, Denmark. Defendant Novo Nordisk Inc. is and at all relevant times has been a Delaware corporation with a principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey

4

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

X    Ozempic (semaglutide)

\_\_\_\_\_ Wegovy (semaglutide)

\_\_\_\_\_ Rybelsus (oral semaglutide)

\_\_\_\_\_ Victoza (liraglutide)

\_\_\_\_\_ Saxenda (liraglutide)

\_\_\_\_\_ Trulicity (dulaglutide)

\_\_\_\_\_ Mounjaro (tirzepatide)

\_\_\_\_\_ Zepbound (tirzepatide)

\_\_\_\_\_ Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product): May of 2024

## INJURIES AND DAMAGES

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__X___ Additional/Other(s) (specify): Following an Ozempic injection, Plaintiff lost consciousness and was in and out of consciousness for two days. During that time, Plaintiff experienced hallucinations, developed anorexic symptoms, dehydration, severe pain in her back, loss of vision in her left eye, weakness, and a rash on her abdomen, hips, thighs, back, buttocks, and legs as a result of the Ozempic injection.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)? May of 2024

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

X    Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff hereby adopts and incorporates by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X Count I:  Failure to Warn – Negligence

X Count II:  Failure to Warn – Strict Liability

X Count III:  Breach of Express Warranty/Failure to Conform to Representations

X Count IV:  Breach of Implied Warranty

X Count V:  Fraudulent Concealment/Fraud by Omission

X Count VI:  Fraudulent/Intentional Misrepresentation

X Count VII:  Negligent Misrepresentation/Marketing

X Count VIII: Strict Product Liability Misrepresentation/Marketing

X Count IX:  Innocent Misrepresentation/Marketing

X Count X:  Unfair Trade Practices/Consumer Protection (see below)

X Count XI:  Negligence

X Count XII:  Negligent Undertaking

X Count XIII: State Product Liability Act (see below)

X Count XIV: Wrongful Death

X Count XV: Loss of Consortium

X Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a.      Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Nev. Rev. Stat. §§ 598.0903 et seq

_____

_____

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

Defendants engaged in unfair competition and unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the state and territory consumer protection statutes listed below by misleading consumers regarding the safety risks associated with the use of their GLP-1 RA Products, overstating the benefits of those products, understating their risks, and marketing them for uses for which they were not approved, as described in more detail above.

As a direct result of Defendants' unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices, Plaintiff suffered and will continue to suffer economic loss, pecuniary loss, personal injury, loss of consortium, companionship and society, mental anguish, and other compensable injuries. Plaintiff was injured by Defendants' unlawful conduct, which was carried out through a pervasive pattern of false and misleading statements and omissions concerning the GLP-1 RA Products, including by overstating benefits, marketing the products for

9

off-label uses, and omitting or downplaying side effects, complications, and adverse events in the information provided to physicians and consumers.

Defendants have a statutory duty to refrain from fraudulent, unfair, and deceptive acts or trade practices in the design, development, manufacture, promotion, and sale of their products. Defendants' deceptive, unconscionable, unfair, and/or fraudulent representations and material omissions to Plaintiff constituted consumer fraud and/or unfair and deceptive acts and trade practices in violation of consumer protection statutes, including, but not limited to, NRS 598.0903 et seq. and NRS 41.600.

Under these and other consumer protection statutes, Defendants, as suppliers, distributors, manufacturers, advertisers, marketers, promoters, and sellers of GLP-1 RA Products, are subject to liability for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

Defendants' actions and omissions are uncured or incurable. Alternatively, Defendants had actual notice, or were placed on adequate notice by Plaintiff, of these acts or omissions and the claims arising therefrom, sufficient to satisfy any applicable statutory notice requirements.

Plaintiff relied to Plaintiff's detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products in deciding to purchase and use those products. Plaintiff's prescribing physicians likewise relied, to Plaintiff's detriment, on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products in communicating with Plaintiff about the products and in deciding to prescribe them.

Plaintiff at all relevant times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions regarding the risks and safety information associated with Defendants' GLP-1 RA Products in choosing to purchase and use the GLP-1 RA Products prescribed by Plaintiff's physicians.

10

By reason of Defendants' unlawful acts in violation of the above-cited laws, and as a direct and proximate result thereof, Plaintiff has sustained ascertainable losses and damages, serious injuries, economic and noneconomic losses, and other damages, and is entitled to statutory and compensatory damages as permitted by applicable law.

By reason of the unlawful acts engaged in by Defendants in violation of the above-cited laws, and as a direct and proximate result thereof, Plaintiff has sustained ascertainable loss and damages, serious injuries, economic and non-economic losses and other damages and are entitled to statutory and compensatory damages as permitted by applicable law.

* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a.     Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: N/A

b.     Identify the legal theories identified in Paragraph 19 above (e.g., negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: N/A

c. Identify the factual allegations supporting those claims: N/A

* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35. 22.

If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the Master Complaint, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: June 15, 2026                    RESPECTFULLY SUBMITTED,

/s/ Tom W. Stewart
Tom W. Stewart
POWELL STEWART
8918 Spanish Ridge Ave, #100
Las Vegas, Nevada 89148
Telephone: (702) 728-5500
Fax: (702) 728-5501
tom@tplf.com
Attorney for Plaintiff